

GOETZ FITZPATRICK LLP
Attorneys at Law          www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Joel G. MacMull<br>
Ext. 339<br>
jmacmull@goetzfitz.com

September 14, 2011

**VIA ECF**

Hon. Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   **Re:  Ascentive, LLC v. Opinion Corp. et al**
>   **Civil Action No. 10-cv-04433 (ILG) (SMG)**
>   **Classic Brands, LLC v. Opinion Corp. et al.**
>   <u>**Civil Action No. 10-cv-05546 (ILG) (SMG)**</u>

Dear Judge Gold:

We write briefly in response to the letter of Ascentive LLC ("Ascentive") dated September 8, 2011. More specifically, defendants reiterate their request for a pre-motion conference per our letter of August 29th. (D.E. 60.)

We note that Ascentive's response downplays the significance of the activities in question but offers no evidence to corroborate its claims. Thus, we submit that a pre-motion conference remains appropriate.

 Ascentive makes much of defendants' failure to "meet and confer," but a motion for leave to amend the pleadings is not a discovery dispute governed by L. Civ. R. 37. Your Honor's Individual Practices set forth no similar requirement for our proposed motion. Moreover, it is hard to conceive of how Ascentive's response to an additional inquiry by defendants on this topic would have been any different from what Ascentive offered on June 3rd or, for that matter, its September 8th letter.

Substantively, Ascentive's response is incredible, and certainly fails to demonstrate that defendants are not entitled at least to address the issue in the litigation through discovery and, if they prove their case, to recover damages. Certainly nothing in Ascentive's response, consisting of no evidentiary material at all, remotely addresses the detailed and specific observations in the Affirmation of Dave Hull (D.E. 60-1) such that there can be any question of whether Mr. Hull's investigation provides a bona fide basis for amendment of the counterclaims.

 GOETZ FITZPATRICK LLP

Hon. Steven M. Gold, U.S.M.J.
September 14, 2011
Page 2 of 2

Ascentive's legal authority in support of its position is similarly unpersuasive. Citing to *Major League Baseball Properties, Inc. v. Salvino, Inc*., 542 F.3d 290 (2d Cir. 2008), Ascentive argues, in conclusory fashion, that Mr. Hull's observations are speculative and therefore not worth considering. But in that case, the expert's report was served after the full benefit of fact discovery, whereas here it is posited not as a conclusive factual proof – which is not to say that it could not be, notwithstanding the distinguishable report in *Salvino* – but is merely an objective observation by a qualified expert providing a prima facie basis for defendants' amendment to its pleading. This is far more than is even required for amendment under Fed. R. Civ. P. 15.

Finally, to the extent that Ascentive seeks to shroud its actions under the guise of privilege, even if plaintiff's position were meritorious – an argument defendants leave for another day – there is certainly no indication that the activities involved have in any way been reflected in a privilege log with respect to both documents and oral communications pursuant to L. Civ. 26.2. In any event, privilege is a matter respecting disclosure, not substantive causes of action, and do not allow a party to utilize an attorney to perform acts in breach of one's contractual obligations.

For all the foregoing reasons defendants respectfully request that the Court schedule an in-person pre-motion conference at the Court's convenience.

We thank the Court in advance for its continued consideration of this matter.

Respectfully Submitted,
GOETZ FITZPATRICK

Joel G. MacMull

cc:     All Counsel (*via ECF*)